FILING FEE PAID:
RECEIPT # 404648
AMOUNT $ 39.00
BY DPTY CLK
DATE 6-28-05



UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| MAG INSTRUMENT INC., Plaintiff<br><br>V.<br><br>THE GILLETTE COMPANY Defendants | CIVIL ACTION NO. CV 04-7201 RGK (FMGX)<br><br>05-40012 FDS |
|---|---|

## MOTION TO QUASH SUBPOENA OR ISSUE A LIMITING ORDER

All Star Incentive Marketing, Inc. ("Movant") hereby moves, pursuant to Federal Rules of Civil Procedure. Rule 45(c) to quash the subpoena for the burdensome and oppressive Production of Documents by the Custodian of the Records issued by the Plaintiff Mag Instruments ("Plaintiff") for July 6, 2005. In the alternative, the movant request the court to modify the current subpoena to only require production of documents in relation to Defendants Request for Proposal for a Flashlight Incentive Plan and/or set the production to occur at Movant's facilities.

In support of this motion, Movant states as follows:

1. Movant is a non-party to the present action. See Affidavit ¶3.

2. On or about June 21, 2005 Movant was served by the Plaintiff with a subpoena including ninety-two requests for production of documents to occur on July 6, 2005, a mere fifteen days later. See Affidavit ¶4.

3. Plaintiff's subpoena is unduly burdensome for the movant. The movant has been in business with Defendant for nearly thirty-five years, and Movant operates a small business

with a limited number of employees. Plaintiff has effectively asked movant to produce all communication and documents that arise from that relationship. See Affidavit ¶¶5-6.

    4.    As set forth in the accompanying Affidavit of Ed Galonek, Jr., compliance with Plaintiff's subpoena would cause and undue burden to Movant's business.

    (a)    No central file is kept by Movant for communications with Defendant, Gillette. Gillette has been a customer of Movant for over thirty-five years. Many employees may have small files related to Gillette, and many of the records would be contained in archived storage. See Affidavit ¶¶5, 7.

    (b)    No central file is kept for product samples. Movant does not believe that Movant has any flashlights in Movant's possession or control; however, to comply with the court order Movant would have to perform a detailed search of his entire warehouse facilities. See Affidavit ¶¶8-9.

    (c)    Compliance would also entail production of boxes of records collected in the course of operating Movant's business that is so burdensome as to be physically impossible. It would be oppressive for movant, who is not even a party to this litigation, to be required to comply. . See Affidavit ¶¶18-19.

    (d)    Compliance would also entail the production of an indeterminate amount of emails, and Movant does not have anyone specifically skilled to recover emails without visiting and sorting through many of the computers at Movant's office. . See Affidavit ¶¶10-11.

    5.    Movant also do not have time or surplus personnel to devote days to the voluminous document production sought. Movant has approximately twenty-eight (28) employees, all of whom are dedicated to other tasks. See Affidavit ¶¶5, 18-19.

6.  Moreover, given the sheer volume of the request, Movant would need to dedicate a vehicle to transport the appointed place and time. See Affidavit ¶20.

7.  Plaintiff has also requested confidential business information from the movant, including information concerning the Movant's vendors, the cost of Movant's goods, and other proprietary information that does not deal with the subject matter of the present lawsuit. See Affidavit ¶¶15-16.

8.  In addition, Movant has only recently hired counsel, and counsel would be unable to assist Movant with its discovery needs before the date of the subpoena. The date for compliance, July 6, 2005, occurs during the Independence Day holiday season.

9.  Movant has supplied Gillette flashlights under very limited conditions, and involve either small press lights or flashlights ordered from the Plaintiff. Movant's only other interaction involving any flashlight with Gillette was a Request for Proposal sent by Gillette to Movant asking Movant to supply flashlights for an incentive marketing program. Movant did not win the business from Gillette. There is nothing that Movant could produce that would lead to admissible evidence or help in the further discovery of admissible evidence in this lawsuit. Any and all samples sent to Gillette were not returned to Movant. See Affidavit ¶¶12-14.

The court issuing the subpoena to the non-party has broad discretion to review the facts to determine whether to quash or limit a subpoena. See Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38 (1st Cir., 2003). See also, Roberts v. Albright-Roberts Chevrolet, Inc., 352 F.3d 358 (8th Cir., 2003). "A litigant may not engage in merely speculative inquiries in the guise of relevant discovery." Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1328 (Fed. Cir. 1990). A court **shall** quash a subpoena if it poses an undue burden on a party. USCS Fed Rules Civ Proc R 45 (emphasis mine). The first circuit has been reluctant to allow

the broad discovery of all communications between a nonparty and a party that encompassed more than a decades worth of communications. Heidelberg at 41. The unwanted burden on a non party should be given special weight by the court. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998). The burden on the moving party should be larger to show the possible relevance of this material. See generally, Heidelberg at 41.

WHEREFORE, Movant respectfully requests that the Court quash the subpoena pursuant to Federal Rule of Procedure 45(c), or in the alternative, issue an order requiring the Plaintiff to show cause, pursuant to Federal Rule 45(c), why Plaintiff is entitled to production of each category of documents and things they have demanded from Movant; why Plaintiffs should not be responsible for all costs incurred by Movant in complying with Plaintiffs' demand; and limiting the discovery to information regarding the Movant's response to Defendant's Request for Proposal for supplying flashlights as part of an incentive marketing program.

Movant has submitted the affidavit of Ed Galonek, Jr. in Support of its motion.

                                    All Star Incentive Marketing

                                    By its attorney,

                                    Bobby L. Hazelton, Esq., BBO #635446
                                    Fletcher Tilton & Whipple, PC
                                    370 Main Street
                                    Worcester, MA 01608
                                    Phone: (508) 798-8040
                                    Fax:   (508) 459-8340

Dated: June 28, 2005

## CERTIFICATE OF SERVICE

I, Bobby Hazelton, do hereby certify that I served the foregoing motion and supporting affidavits, by mailing a copy first class, postage prepaid to the following persons:

| | | |
|---|---|---|
| **Bridgette A Carey**<br>Sheppard Mullin Richter and Hampton<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>213-620-1780 | representing | **Gillette Company**<br>*(Defendant)* |
| **Gary A Clark**<br>Sheppard Mullin Richter and Hampton<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>213-620-1780 | representing | **Gillette Company**<br>*(Defendant)* |
| **Charles August Kertell**<br>Jones Day<br>555 West Fifth Street, Suite 4600<br>Los Angeles, CA 90013-1025<br>213-489-3939 | representing | **MAG Instrument Inc**<br>*(Plaintiff)* |
| **Jeffrey Allan Kobulnick**<br>Seyfarth Shaw<br>One Century Plaza<br>2029 Century Park East, Suite 3300<br>Los Angeles, CA 90067-3063<br>310-277-7200 | representing | **Gillette Company**<br>*(Defendant)* |
| **Lawrence R LaPorte**<br>Jones Day<br>555 West Fifth Street, Suite 4600<br>Los Angeles, CA 90013-1025<br>213-489-3939 | representing | **MAG Instrument Inc**<br>*(Plaintiff)* |

**Joseph R Lanser**
Seyfarth Shaw
55 East Monroe Street, Suite 4200
Chicago, IL 60603
312-346-8000

representing

**Gillette Company**
*(Defendant)*


**Christopher C Larkin**
Seyfarth Shaw
One Century Plaza
2029 Century Park East, Suite 3300
Los Angeles, CA 90067-3063

representing

**Gillette Company**
*(Defendant)*


**James J Mittermiller**
Sheppard Mullin Richter and Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
213-620-1780

representing

**Gillette Company**
*(Defendant)*


**Douglas S Rupert**
Seyfarth Shaw
55 East Monroe Street, Suite 4200
Chicago, IL 60603
312-346-8000

representing

**Gillette Company**
*(Defendant)*


**Mary A Tuck**
Jones Day
555 West 5th Street, Suite 4600
Los Angeles, CA 90013-1025
213-489-3939
matuck@jonesday.com

representing

**MAG Instrument Inc**
*(Plaintiff)*


**Alan L Unikel**
Seyfarth Shaw
55 East Monroe Street, Suite 4200
Chicago, IL 60603
312-346-8000

representing

**Gillette Company**
*(Defendant)*

**Robert C Weiss**
Jones Day
555 West 5th Street, Suite 4600
Los Angeles, CA 90013-1025
213-489-3939

representing

**MAG Instrument Inc**
*(Plaintiff)*

**Kenneth L Wilton**
Seyfarth Shaw
One Century Plaza
2029 Century Park East, Suite 3300
Los Angeles, CA 90067-3063
310-277-7200

representing

**Gillette Company**
*(Defendant*

---
Bobby L. Hazelton, Esq., BBO #635446