05-40012 FDS

## AFFIDAVIT OF ED GALONEK, JR. IN SUPPORT OF MOTION FOR MOTION TO QUASH SUBPOENA OR ISSUE A LIMITING ORDER

1. My name is Ed Galonek, Jr.

2. All Star Incentive Marketing does not have a single custodian of the records, but I am the person most knowledgeable about the location and authenticity of business records

3. All Star Incentive Marketing has not been served with any complaint by Mag Industries ("Plaintiff") or The Gillette Company ("Gillette").

4. On or about June 21, 2005 I was served with a subpoena including ninety-two requests for production of documents demanding compliance on July 6, 2005. A copy is attached at Exhibit A.

5. We have been in business with Gillette for nearly thirty (35) years.

6. We are a small business with approximately twenty-eight (28) employees at the present time.

7. We do not keep a central file for our communications with Gillette. We have multiple different contracts with Gillette, and we do not log all communications.

8. We do not keep a central file for product samples. Vendors will supply me with product samples from time to time, and they are either given to prospective customers, destroyed. Our regular inventory is kept in a very large warehouse.

9. I do not believe that we have any flashlights in our current inventory; however, I would have to check our entire warehouse to ensure that we do not have any flashlights.

10. Some of our communication to Gillette has been by email.

20. I estimate that full compliance of just the documents in our possession and control would require boxes to contain all the information.

Signed Under Penalties of Perjury

*[signature]*

Ed Galonek, Jr.

Dated: June 27, 2005

**EXHIBIT A**

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

MAG INSTRUMENT, INC.,

          Plaintiff,

v.

THE GILLETTE COMPANY,

          Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ CV 04-7201 RGK (FMOx)
Central District of California

A True Copy; Attested:

Tomasz Kruszewski
Constable and Disinterested Person

TO: Custodian of Records
All Star Incentive Marketing, Inc.
208 Charlton Rd. (RT. 20)
Sturbridge, MA 01566

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See, Exhibit 1 (attached hereto)

| PLACE | DATE AND TIME |
|---|---|
| Montague & Desautelf<br>334 Main St., Southbridge, MA 01550      (508) 764-3244 | July 6, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>June 17, 2005 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lawrence R. LaPorte
JONES DAY
555 West 5th Street, 46th Floor, Los Angeles, CA 90013-1025 (213) 489-3939

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

LAI-2193231v1
¹ If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

# EXHIBIT 1

## EXHIBIT 1

## DEFINITIONS AND INSTRUCTIONS

1.     The term "Mag Instrument" shall refer to plaintiff Mag Instrument, Inc., including any and all past or present divisions, departments, subsidiaries, affiliates, predecessors, assignees, or successors-in-interest thereof, and any and all past or present officers, directors, agents, employees, consultants, experts, in-house or outside counsel, or other persons acting under their control or acting on their behalf.

2.     The term "Gillette" shall refer to defendant The Gillette Company, including any and all past or present divisions, departments, subsidiaries, affiliates, predecessors, assignees, or successors-in-interest thereof, and any and all past or present officers, directors, agents, employees, consultants, experts, in-house or outside counsel, or other persons acting under their control or acting on their behalf.

3.     The terms "Incentives USA", "you," and "your" shall refer to All Star Incentive Marketing, Inc., including and any and all past or present divisions, departments, subsidiaries, affiliates, predecessors, assignees, or successors-in-interest thereof, and any and all past or present officers, directors, agents, employees, consultants, experts, in-house or outside counsel, or other persons acting under their control or acting on their behalf.

4.     The term "Gillette flashlight" shall refer to any and all flashlights sold or otherwise offered or provided by Incentives USA to Gillette.

5.     The term "patents-in-suit" shall refer to United States Patent No. 4,658,336, United States Patent No. 4,899,265, United States Patent No. 6,170,960, and United States Patent No. RE 38,014.

LAI-2193232v1                                    1

6. The term "document" shall encompass "document and thing," and shall refer to anything which would be a "writing" or "recording" as defined in Federal Rule of Evidence 1001(1) or a "document" as defined in Federal Rule of Civil Procedure 34(a), including, without limitation, the original and any non-identical copy (that is different from the original or any copy because of notations thereon or attached thereto or otherwise) that is or was at any time in your possession, custody, or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, a document is deemed to be or to have been in your "control" if you have or had the right to secure the document or a copy thereof from another person or governmental entity having actual physical possession thereof.

7. "Communication" shall mean any oral communication or any information exchanged between two or more persons by way of a document or electronic means.

8. Grammar and syntax, as used herein, shall be construed and interpreted to give proper meaning and consistency to its context. By way of illustration and not by way of limitation, the singular form of words may include the plural and the plural form of words may apply to each individual person, entity, or thing, and the use of any gender or tense may be construed to include all genders and tenses, wherever appropriate, to bring within the scope of each category any information which might otherwise be construed to be outside its scope.

9. If no documents responsive to a category are in Incentives USA's possession, custody, and/or control, Incentives USA should so indicate.

10. If any document within the scope of any category herein is withheld under a claim of privilege or any other objection to production, Incentives USA shall furnish to Mag Instrument a list identifying each such document for which the privilege or immunity is claimed or to which the objection relates, together with sufficient information to establish such privilege or immunity. Such information shall include:

(a)    The exact name and title by which Incentives USA refers to it;

(b)    The date and all serial or other identification numbers thereon;

(c)    The identity of each person who wrote, signed, initiated, dictated, or otherwise participated in the creation of said document;

(d)    Its general subject matter;

(e)    The identity of each person who was an addressee, if any, of said document, or any copy thereof; and

(f)    The specific location of any file or files where the document or any copy thereof is normally or presently kept, and the identity of the custodian thereof.

## CATEGORIES OF DOCUMENTS REQUESTED

1. All documents that refer or relate to Gillette.

2. All documents that refer or relate to Gillette that were created, revised, or deleted after January 1, 2000.

3. All documents that were sent to, or received from, Gillette.

4. All documents that were sent to, or received from, Gillette after January 1, 2000.

5. All documents that refer or relate to a flashlight.

6. All documents created, revised, or deleted after January 1, 2000 that refer or relate to a flashlight.

7. All documents that refer or relate to Gillette and that refer or relate to a flashlight.

8. All documents created, revised, or deleted after January 1, 2000 that refer or relate to Gillette and that refer or relate to a flashlight.

9. All documents that refer or relate to a flashlight sold or otherwise offered or provided to Gillette.

10. All documents created, revised, or deleted after January 1, 2000 that refer or relate to a flashlight sold or otherwise offered or provided to Gillette.

11. All documents that were sent to, or received from, Gillette after January 1, 2000 and that refer or relate to a flashlight.

12. All documents that were sent to, or received from, Gillette that refer or relate to a flashlight sold or otherwise offered or provided to Gillette.

13. All documents that refer or relate to Mag Instrument.

14. All documents that refer or relate to Mag Instrument that were created, revised, or deleted after January 1, 2000.

15. All documents that refer or relate to Mag Instrument's 2AA Mini Maglite® flashlight, Mag Instrument's 2AAA Mini Maglite® flashlight, Mag Instrument's D-cell Mag-Lite® flashlights, Mag Instrument's C-cell Mag-Lite® flashlights, Mag Instrument's Solitaire® flashlight, Mag Instrument's rechargeable flashlight, or any other product manufactured or sold by Mag Instrument.

16. All documents that refer or relate to the manufacturer of any flashlight sold or otherwise offered or provided to Gillette.

17. All documents created, revised, or deleted after January 1, 2000 that refer or relate to the manufacturer of any flashlight sold or otherwise offered or provided to Gillette.

18. All documents that refer or relate to the manufacturer of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

19. All documents created, revised, or deleted after January 1, 2000 that refer or relate to the manufacturer of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

20. All documents sent to, or received from, the manufacturer of any flashlight sold or otherwise offered or provided to Gillette that refer or relate to a flashlight.

21. All documents sent to, or received from, the manufacturer of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000 that refer or relate to a flashlight.

22. All documents that refer or relate to the design, development, or manufacture of any flashlight sold or otherwise offered or provided to Gillette.

23. All documents that refer or relate to the design, development, or manufacture of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

24. All documents that refer or relate to the specifications or characteristics of any flashlight sold or otherwise offered or provided to Gillette.

25. All documents that refer or relate to the specifications or characteristics of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

26. All engineering drawings, design drawings, or sketches that refer or relate to any flashlight sold or otherwise offered or provided to Gillette.

27. All engineering drawings, design drawings, or sketches that refer or relate to any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

28. All logbooks, notebooks, records, reports, disclosures, patent applications or the like of the inventor of any flashlight you sold or otherwise offered or provided to Gillette.

29. All documents that refer or relate to Incentives USA's purchase or acquisition of any flashlight sold or otherwise offered or provided to Gillette.

30. All documents that refer or relate to Incentives USA's purchase or acquisition of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

31. All documents that refer or relate to the transport, shipping, or warehousing of any flashlight sold or otherwise offered or provided to Gillette.

32. All documents that refer or relate to the transport, shipping, or warehousing of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

33. All documents that refer or relate to the importation or customs clearance of any flashlight sold or otherwise offered or provided to Gillette.

34. All documents that refer or relate to the importation or customs clearance of any flashlight sold or otherwise offered or provided to Gillette after January 1, 2000.

35. All documents that refer or relate to the purchase or acquisition of any flashlight by Gillette.

36. All documents that refer or relate to the purchase or acquisition of any flashlight by Gillette after January 1, 2000.

37. All documents that refer or relate to the delivery of any flashlight to Gillette.

38. All documents that refer or relate to the delivery of any flashlight to Gillette after January 1, 2000.

39. All documents that refer or relate to any patent, trademark, or prior art search or investigation concerning any flashlight manufactured or sold by Mag Instrument, any patent owned by Mag Instrument, or any trademark owned by Mag Instrument.

LA1-2193232v1                                   7

40. All documents that refer or relate to any patent, trademark, or prior art search or investigation concerning any flashlight sold or otherwise offered or provided to Gillette.

41. All documents that refer or relate to any patent, trademark, or prior art search or investigation conducted in September, October, November, or December of 2002.

42. All documents that refer or relate to any patent, trademark, or prior art search or investigation conducted in response to Gillette's September 2002 request for bids on flashlights.

43. All documents that refer or relate to any opinion letter that mentions any patent owned by Mag Instrument, or any trademark owned by Mag Instrument.

44. All documents that refer or relate to one or more of the patents-in-suit.

45. All documents that refer or relate to Gillette's policies or practices with regard to avoiding infringement of intellectual property rights.

46. All documents that refer or relate to Gillette's policies or practices with regard to avoiding patent infringement.

47. All documents that refer or relate to any steps or procedures Gillette ever took to avoid infringement of any patent or trademark owned by Mag Instrument.

48. All documents that reflect the manufacturer of the Gillette flashlight's ownership, license, or interest in any intellectual property rights related to flashlights, including, but not limited to, copies of all patents and trademarks.

49. All documents that refer or relate to Gillette's policies with regard to granting, taking, or obtaining licenses to patents.

50. All documents that refer or relate to any license granted to Gillette or by Gillette having as a subject flashlights.

51. The Gillette Flashlight Premium Confidential Briefing provided by Gillette to Incentives USA in or about September of 2002 and all drafts thereof.

52. All documents that refer or relate to the Gillette Flashlight Premium Confidential Briefing provided by Gillette to Incentives USA in or about September of 2002.

53. The sample flashlight provided by Gillette to Incentives USA in September or October of 2002 in conjunction with the Gillette Flashlight Premium Confidential Briefing.

54. All documents created, revised, or deleted between September 1, 2002 and December 31, 2002 that refer or relate to patents, trademarks, or flashlights.

55. All documents that refer of relate to Incentives USA's efforts to respond to the Gillette Flashlight Premium Confidential Briefing provided by Gillette to Incentives USA in or about September of 2002.

56. All documents that refer of relate to Incentives USA's response to the Gillette Flashlight Premium Confidential Briefing provided by Gillette to Incentives USA in or about September of 2002.

57. All correspondence that refers or relates to Robert George that was created, edited, or deleted between September 1, 2002 and January 1, 2004, as well as all attachments thereto and all drafts thereof, including, but not limited to, the September 23, 2002 electronic mail correspondence from Robert George to Incentives USA and the attachment thereto.

58. All documents that refer or relate to any response to Robert George's request for bids on flashlights sent to Incentives USA in September of 2002.

59. Five samples of every flashlight ever sold or otherwise offered or provided to Gillette.

60. Five samples of every flashlight Incentives USA ever sold or otherwise offered or provided to Gillette.

61. Five samples of every flashlight ever sold or otherwise offered or provided to Gillette after January 1, 2000.

62. Five samples of every flashlight Incentives USA ever sold or otherwise offered or provided to Gillette after January 1, 2000.

63. Five samples of every flashlight ever sold or otherwise offered or provided to Incentives USA.

64. Five samples of every flashlight ever sold or otherwise offered or provided to Incentives USA after January 1, 2000.

65. Five samples of every flashlight ever manufactured by Incentives USA.

66. Five samples of every flashlight ever manufactured by Incentives USA after January 1, 2000.

67. Five samples of every flashlight that Incentives USA could have supplied Gillette instead of the Gillette flashlights.

68.  All documents that refer or relate to a flashlight Incentives USA could have supplied Gillette instead of the Gillette flashlights.

69.  Five samples of every flashlight ever sold or otherwise offered or provided to Incentives USA by Gillette.

70.  Five samples of every flashlight ever sold or otherwise offered or provided to Incentives USA by Gillette after January 1, 2000.

71.  All documents that refer or relate to the advertising or promotion of any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette (or any product that was sold with such a flashlight), including, but not limited to, all catalogs, packaging materials, instructions, internet advertising, handbills, product brochures, posters, point-of-purchase displays, trade shows, and mailers.

72.  All documents that refer or relate to the benefits of using any flashlight Incentives USA sold or otherwise offered or provided to Gillette.

73.  All documents that refer or relate to the creation, development, or design of advertising, marketing, or promotional materials for any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette (or any product that was sold with such a flashlight).

74.  All documents that refer or relate to any marketing plans or strategies with regard to any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette (or any product that was sold with such a flashlight).

75. All documents that refer or relate to Incentives USA's past marketing of any flashlight (or any product that was sold with such a flashlight).

76. All documents that refer or relate to Gillette's past marketing of any flashlight (or any product that was sold with such a flashlight).

77. All documents that refer or relate to any survey, projection, estimate, or analysis (formal or informal) concerning the market or potential market for flashlights or goods sold or distributed in conjunction with a flashlight.

78. All documents that refer or relate to any survey, projection, estimate, or analysis (formal or informal) of the market or potential market increase for goods sold or distributed in conjunction with a flashlight.

79. All communications between Incentives USA and any other individual or entity concerning Gillette.

80. All documents that refer or relate to any communication between Incentives USA and any other individual or entity concerning Gillette.

81. All communications between Incentives USA and any other individual or entity concerning flashlights that were sold or otherwise offered or provided to Gillette.

82. All documents that refer or relate to any communication between Incentives USA and any other individual or entity concerning flashlights that were sold or otherwise offered or provided to Gillette.

83. All documents that refer or relate to the present litigation between Mag Instrument and Gillette.

84. All documents that refer or relate to any returns, including warranty returns or repairs, with respect to any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette.

85. All documents that refer or relate to any complaints or other quality control issues concerning any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette.

86. All documents identifying the persons responsible for the manufacture, acquisition, importation, delivery, or sale of any flashlight Incentives USA ever sold or otherwise offered or provided to Gillette.

87. All documents that refer to or relate to Alcone Marketing Group.

88. All documents created, edited, or deleted after January 1, 2000 that refer to or relate to Alcone Marketing Group.

89. All documents that refer or relate to American Accessories International, Cyrk Marketing, Marketing Drive, Marlow International, Strong & Cutter, or Strottman International.

90. All documents created, edited, or deleted after January 1, 2000 that refer or relate to American Accessories International, Cyrk Marketing, Marketing Drive, Marlow International, Strong & Cutter, or Strottman International.

91. All documents that refer or relate to a Gillette razor.

92. All documents that refer or relate to a razor from the Gillette MACH3 family of razors.